| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)** | |
| In Re:<br><br>Valerie Prinez<br><br>            Debtor | Case No.:    12-10064/JHW |

*Order Filed on 10/10/2012 by Clerk U.S. Bankruptcy Court District of New Jersey*

## ORDER

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: 10/10/2012**

                                            Honorable Judith H. Wizmur
                                            United States Bankruptcy Court

Case Name:     Valerie Prinez
Case No.:      12-10064
_____

This matter comes on to be heard on the motion of the debtor, Valerie Prinez, to require her former attorney, Mark Ford, Esquire, to disgorge fees paid to him in connection with her bankruptcy filing. The following facts appear:

1. The debtor retained Mark Ford around October 2010 to file a bankruptcy case. The case was not filed until January 3, 2012.

2. At the time the Chapter 13 case was filed, the debtor was ill, was not working, and was not capable of meeting the Chapter 13 payment requirements. The debtor claims that Mr. Ford was aware of these circumstances but filed the case as a Chapter 13 anyway.

3. The debtor made payments to the Chapter 13 Trustee in the amount provided for in the plan, $76 a month, but the plan was dismissed at confirmation for failure to file a feasible plan, failure to file an income or budget statement and failure to provide proof of income. On the issue of filing a feasible plan, Mr. Ford filed an amended plan on behalf of the debtor that proposed to pay over $10,000 of debt, but proposed to do that by paying $76 a month for 60 months, for a total of $4,560.

4. After the case was dismissed, the debtor moved on her own to reinstate the case and convert to a Chapter 7.

5. Mr. Ford did not respond to the debtor's quest for return of attorney's fees paid, nor did he appear at the scheduled hearing. The debtor complained that he failed to file her case in a timely fashion, that he was never responsive to attempted communications on her part, that he failed to take into account her circumstances at each stage of proceedings, and that he basically left her without representation. The debtor's accusations amount to a demonstration of a lack of competence and diligence displayed by Mr. Ford in representing his client, warranting an order to disgorge the funds received to represent her.

6. It appears that Mr. Ford received $300 directly from the debtor, and an additional $304 through the Chapter 13 Trustee.

Wherefore, it is Ordered that Mr. Ford refund to the debtor the amount of $604 within thirty (30) days of this Order.

*Approved by Judge Judith H. Wizmur October 10, 2012*